BERNARD MARKEY *v.* CHARLES SANTANGELO ET AL.
(12128)

PETERS, C. J., HEALEY, PARSKEY, SHEA and DANNEHY, Js.

Argued November 14, 1984—decision released January 22, 1985

---

*Karen F. Tross* and *Howard A. Jacobs,* for the appellants (defendants).

*Burton M. Weinstein,* with whom, on the brief, was *Richard Emanuel,* for the appellee (plaintiff).

PARSKEY, J. This action for assault and battery was brought against the named defendant and four others. After a jury trial, a plaintiff's verdict was returned against the named defendant and Anthony Santangelo only. From the judgment rendered on the verdict these defendants have appealed, claiming that the trial court erred in charging the jury on punitive damages and on negligent assault. Charles Santangelo subsequently withdrew his appeal leaving Anthony Santangelo as the only appellant. We find no error.

We first consider whether the court was justified in charging on punitive damages. To furnish a basis for recovery of such damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought. *Manning* v. *Michael,* 188 Conn. 607, 619, 452 A.2d 1157 (1982).

"A wilful and malicious injury is one inflicted intentionally without just cause or excuse. It does not necessarily involve the ill will or malevolence shown in express malice. Nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional."

*Rogers* v. *Doody,* 119 Conn. 532, 534, 178 A. 51 (1935). "A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances." *Sharkey* v. *Skilton,* 83 Conn. 503, 507–508, 77 A. 950 (1910). The intentional injury aspect may be satisfied if the resultant bodily harm was the direct and natural consequence of the intended act. *Alteiri* v. *Colasso,* 168 Conn. 329, 334, 362 A.2d 798 (1975). Wanton misconduct is reckless misconduct. *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 199, 139 A. 698 (1928). "It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." *Bordonaro* v. *Senk,* 109 Conn. 428, 431, 147 A. 136 (1929).

The complaint alleged that "the defendant Charles Santangelo with the aid of the other named defendants assaulted the plaintiff and repeatedly beat and kicked [him]." "In this state an actionable assault and battery may be one committed wilfully or voluntarily, and therefore intentionally; one done under circumstances showing a reckless disregard of consequences; or one committed negligently." *Alteiri* v. *Colasso, supra,* 333. Since an assault may be committed in any one of these three ways and since only a wilful or a wanton assault would warrant a recovery of punitive damages, a complaint charging a defendant with an assault and battery without more would not sufficiently characterize the assault so as to alert the defendant respecting the aggravated character of his conduct. In this case, however, the complaint went beyond a mere bare bones allegation of assault and battery. It alleged repeated beating and kicking. If we view this complaint in a manner most favorable to the plaintiff; *Collens* v. *New Canaan Water Co.,* 155 Conn. 477, 488, 234 A.2d 825 (1967); it charges by way of reasonable inference that

the defendants wilfully assaulted the plaintiff. At the very least it charges that they wantonly did so. *Malley* v. *Lane,* 97 Conn. 133, 139, 115 A. 674 (1921). In either case the complaint gave the defendants sufficient notice that they were being charged with aggravated conduct.

It is apparent that the defendants so understood the complaint. In taking their exception to the court's charge on negligent assault, the defendants responded in the affirmative when asked by the court whether it was their contention that the plaintiff specifically limited himself to a wilful or wanton assault. When pressed to point out the language in the complaint on which they relied defense counsel replied, "I find it in Paragraph 2, the assault of the plaintiff, 'repeatedly beat and kicked the plaintiff.' I don't see how under any circumstances that could be considered to be a negligent assault."

Although neither in the body of the complaint nor in the claims for relief does the plaintiff explicitly claim punitive damages, it is clear from an examination of the transcript that the defendants during the trial were well aware that the plaintiff was making such a claim. When the plaintiff sought and received permission to open his case in order to present evidence of punitive damages, the court observed that the matter had been discussed in chambers and that "[i]t was no surprise to counsel that you [the plaintiff] are claiming this [punitive damages]. You previously claimed it as I understand it in the earlier partial trial of this matter." The defendants neither remonstrated with the court that its impression was incorrect nor did they object to the evidence on the ground that punitive damages were not claimed. Had they so objected the court in its discretion could have and undoubtedly would have permitted the plaintiff to file an appropriate amendment to his pleadings. *Manning* v. *Michael,* 188 Conn. 607,

619–20, 452 A.2d 1157 (1982). It would not serve the ends of justice for us to give recognition to what at best is the defendant's insistence on mere formalism. A party with knowledge of an opposing party's claims cannot play possum during the presentation of evidence in the trial court and then, when faced with an unfavorable result, expect relief on appellate review.

Punitive damages consist of a reasonable expense properly incurred in the litigation; *Shupack* v. *Gordon,* 79 Conn. 298, 303, 64 A. 740 (1906); less taxable costs. *Triangle Sheet Metal Works, Inc.* v. *Silver,* 154 Conn. 116, 127, 222 A.2d 220 (1966). The plaintiff testified that he had agreed to an arrangement whereby in the event of a recovery his attorney would receive a fee of one third of the amount awarded. The defendant argues that absent evidence of the reasonableness of such fees they may not be awarded. We do not agree. We have long held that in a claim for damages " 'proof of the expenses paid or incurred affords some evidence of the value of the services, and if unreasonableness in amount does not appear from other evidence or through application of the trier's general knowledge of the subject-matter, its reasonableness will be presumed.' *Carangelo* v. *Nutmeg Farm, Inc.,* 115 Conn. 457, 462, 162 A. 4 [1932]." *Flynn* v. *First National Bank & Trust Co.,* 131 Conn. 430, 436, 40 A.2d 770 (1944). Whether the incurred fees are owed to a physician or to an attorney the same rule applies. *Storm Associates, Inc.* v. *Baumgold,* 186 Conn. 237, 246, 440 A.2d 306 (1982). Nor do we see any reason for applying a different rule, in the case of an attorney, merely because the incurred obligation is contingent upon the successful outcome of the case.

Reasonable expenses for an attorney may include not only a reasonable fee but also reasonably necessary disbursements. The defendant claims that the plaintiff offered no evidence of such disbursements and there-

fore the court should have instructed the jury not to include such expenses in awarding punitive damages. We do not consider this assignment of error because of the defendant's failure to call this claim to the court's attention by a proper exception. Practice Book § 315 provides that counsel taking the exception shall state distinctly the matter to which he or she objects and the ground of the objection. At no point in taking their exception to the charge, did the defendants refer to out-of-pocket expenses. In addition, although in its charge the trial court referred to the reasonable expenses incurred in bringing the lawsuit, it did not specifically refer to out-of-pocket expenses. Rather, its comment was limited to the evidence presented respecting the agreement for counsel fees.

Finally, we address the defendant's challenge to the trial court's instruction on negligent assault. Negligence became an issue in this case only because in his answer Charles Santangelo set up self-defense as a justification for the assault. If, in fact, the jury believed that Charles had acted in self-defense, they would then have had to consider whether in so acting he used more force than was reasonably necessary to prevent an impending injury. *Hanauer* v. *Coscia,* 157 Conn. 49, 54, 244 A.2d 611 (1968). Since Charles Santangelo has withdrawn his appeal, we need only consider the effect of the negligent assault instruction with regard to the defendant Anthony Santangelo.

The defendant's position at the trial was not that he was justified in striking the plaintiff in aid of his father Charles Santangelo, but rather that he did not strike the plaintiff at all. The plaintiff's evidence tended to show that he was the victim of a brutal and vicious attack. If the jury credited that evidence and found that the defendant had participated in the assault, the aggravated conduct would have warranted punitive damages. A negligent assault, on the other hand, calls for only

compensatory damages. The nature of the assault in this case was such that if it occurred without justification it could only have constituted aggravated conduct. The defendant could hardly have been harmed by a charge which even if erroneous could have limited the plaintiff's recovery to compensatory damages. Since an appellant must establish not only that the court committed error but also that the error was harmful, the defendant cannot be heard to complain if the charge relieved him in whole or in part of monetary responsibility for the injury to the plaintiff. *Stoll* v. *Alman C. Judd Co.,* 106 Conn. 551, 561, 138 A. 479 (1927); Maltbie, Conn. App. Proc. § 96.

There is no error.

In this opinion the other judges concurred.