[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Thomas Walsh requests a revision of the plaintiff's complaint deleting paragraph ten of the second count which reads as follows: "As a further result of said wrongful conduct, the plaintiff expended and will expend in the future attorney's fees and costs for the preparation of prosecution of these legal proceedings, to the plaintiff's further loss and damage." The defendant seeks this revision on the grounds that this count should only contain a statement of facts constituting the cause of action, with the demand for relief on a separate page. The defendant also asserts that the allegations of attorney's fees and costs are unnecessary and immaterial to the statement of the cause of action.
The plaintiff's second count alleges a reckless battery. CT Page 5027 In its objection to the request to revise, the plaintiff points out that the "foregoing portion of the second count is not a claim for relief . . . but rather is an allegation that as a result of the defendant's wrongful conduct, the plaintiff has expended and will expend attorney's fees. . ." See Plaintiff's Brief at 3. In Markey v. Santangelo, 195 Conn. 76, 77 (1985), the court noted that "To furnish a basis for recovery of [punitive] damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." The language defendant seeks to delete is that which indicates that attorney's fees will be sought and the basis for seeking such fees. Accordingly, the request to I revise paragraph ten of the second count is denied and the objection to the request is sustained.
The defendant also seeks a revision of paragraph fourteen of the fourth count. Paragraph fourteen states that "The actions and conduct of the defendant, as hereinbefore alleged, constitute unfair and deceptive acts and practices, as proscribed by Connecticut General Statute section 42-110b(a), in that said acts and practices were employed by the defendant, Thomas Walsh, in an attempt to circumscribe the necessity of evicting the plaintiff, Westley Bouchard, by legal process as required by Chapter 832 of the Connecticut General Statutes, `Summary Judgment.'"
Paragraph fourteen of the fourth count, viewed in the context of the entire complaint, alleges that the plaintiff's batter, of the defendant was an effort to evict the plaintiff without legal process and that this action was a violation of CUTPA. Self-help eviction, which includes bodily harm or the threat of bodily harm, is an unfair trade practice which entitled a plaintiff to actual and punitive damages under CUTPA. Davidowicz v. Gurevich, 4 CSCR 7, 8 (January 10, 1990, Susco, J.). Plaintiff's fourth count paragraph fourteen alleges a cause of action stating that self-help eviction by way of battery constitutes a CUTPA violation. Such a claim is legally sufficient and appropriate. Therefore, the request to revise the fourth count paragraph fourteen is denied and the objection to it is sustained.
CHARLES D. GILL JUDGE, SUPERIOR COURT