[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The jury having awarded the plaintiff Jane Krupien, punitive damages, the court must determine the amount of same. It is well settled that recovery for punitive damages in this state allows for recovery of attorneys fee and reasonable expenses. Punitive damages are not designed to punish the defendant but to compensate the plaintiff. Virgo v. Lyons, 209 Conn. 491, 504. CT Page 7355 Punitive damages consists of reasonable expenses incurred in litigation. Markey v. Santangelo, 195 Conn. 76.80.
The court finds that the fee charged by Mr. Williams was fair and reasonable not only with respect to the hours expended but also, as to the rate charged based on his experience and his demonstrated skill as a trial lawyer. The court does not feel, however, that the fee requested by Mr. Sirica was reasonable. It is clear, that due to the inexperience of Mr. Sirica, that he devoted more time to this matter than was necessary or reasonable and that to compensate him as requested would certainly punish the defendant. The court feels that a reasonable fee for his pretrial services should be $5,000.00. It is true that Mr. Sirica did attend each of the approximately eighteen days of trial and should be compensated for this time. The court believes that a fee of $6,300.00 is a reasonable fee and just compensation for the additional services he provided in addition to the services of Mr. Williams in trial preparation and at trial.
In addition to taxable costs and fees which will be assessed against the defendant pursuant to 52-257 et seq. the plaintiffs are entitled to reasonable expenses. Mr. Sirica has submitted a list of costs many of which will be reimbursed as taxable costs and fees such as the entry fee, sheriffs fees and jury fee. All of those "costs" will be determined when the plaintiff submits her Bill of Costs. Mr. Sirica seeks in addition, to recover expert witness fees which will not be recoverable as "costs" since there were no expert witnesses allowed to testify other that Marla Butts and therefore their fees would not be recoverable as "costs". The court does not feel the expenses incurred with respect to Land Engineering, Schull Associates, Jay Keillor. Dr. Moll and Dr. Baker were necessary expenses because the individuals above named did not testify as expert witnesses and the engineering studies were not admissible. Those expenses the court finds to be unnecessary and hence unreasonable and to require the defendant to pay for them would be to punish it. The court nonetheless will award the plaintiff $500.00 for miscellaneous expenses.
The court will award the plaintiff Jane Krupien, as punitive damages the sum of $45,425.00, being the reimbursement of Attorney Williams fee of $33,625.00, reimbursement of $11,500.00 for Attorney Sirica's fee and expenses of $500.00.
Pellegrino, Judge CT Page 7356