[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE CT Page 1262
The defendants' motion to strike the claim for punitive damages in the November 5, 1992 Amended Complaint is granted.
The defendants' argue that the claim for punitive damages is legally insufficient because the plaintiff has failed to allege a cause of action that would support such a claim. "`To furnish a basis for recovery of [punitive] damages, the pleadings must allege and the evidence must show wanton or willful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court . . . that such damages are being sought.'" Seymour v. Carcia, 24 Conn. App. 446, 451, 589 A.2d 7 (1991), quoting Markey v. Santangelo, 195 Conn. 76, 77, 485 A.2d 1305
(1985). "Punitive damages may be awarded upon a showing of fraud." O'Leary v. Industrial Park Corp., 211 Conn. 648, 651,560 A.2d 968 (1989), citing Markey, supra, 77; Manning v. Michael,188 Conn. 607, 619, 452 A.2d 1157 (1982).
In opposition to the motion to strike, the plaintiff claims that she has alleged fraudulent concealment of a cause of action which would support an award of punitive damages. In order for the plaintiff to sufficiently allege fraudulent concealment of a cause of action, the plaintiff must allege that the defendants were "`aware of the facts necessary to establish this cause of action . . . and that [they] had intentionally concealed those facts from the plaintiff.'" Connell v. Colwell, 214 Conn. 242, 250, 571 A.2d 116 (1990), quoting Bound Brook Assn. v. Norwalk, 198 Conn. 660, 665, 504 A.2d 1047, cert. denied, 479 U.S. 819 (1986). The plaintiff must further allege that the actions of the defendants were "`directed to the very point of obtaining the delay of which he afterward seeks to take advantage by pleading the statute [of limitations].'". Connell, supra, 251, quoting Lippitt v. Ashley, 89 Conn. 451, 480, 94 A. 995 (1915); see also Bound Brook Assn., supra, 666. Although the plaintiff alleged that the defendants knew that they "had failed to take the necessary and proper steps to protect the plaintiff's interests;" (Plaintiff's Amended Complaint, First Count, para. 9); and that they concealed that fact from the plaintiff id. the plaintiff has failed to allege that the defendants concealed such fact for the purpose of delaying her from bringing suit until the statute of limitations had run. Therefore, the court concludes that the plaintiff has failed to sufficiently plead fraudulent concealment of a cause of action.
In addition, even if the plaintiff had sufficiently alleged fraudulent concealment of a cause of action, the claim would be CT Page 1263 inappropriate in this case. "Fraudulent concealment is an affirmative defense to an assertion that the statute of limitations has run . . ." (Emphasis added.) 54 C.J.S. Limitations of Actions, section 88. A showing of fraudulent concealment of a cause of action, either at common law or under General Statutes section 52-595
tolls the statute of limitations. See Am. Jur. Limitations of Actions, section 147. The plaintiff admits in her Supplemental Memorandum of Law dated December 18, 1992, that she has not "lost her right to bring the instant action against the defendants due to their concealment . . . ." Since the purpose of a claim of fraudulent concealment is to prevent the operation of the statute of limitations, the court finds that the claim is inapposite to the facts as pled.
Leheny, J.