[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff Susan Fiorillo was employed by the defendant Brittany Farms Health Center as a certified nurses aide from 1984 until January 21, 1992 when her employment was terminated. On January 21, 1992, the plaintiff was lifting a patient out of a whirlpool using equipment provided by the defendant when a chair holding the patient fell from the device and the patient was injured. The plaintiff alleges that the defendant was aware of potential defects in the device, but failed to advise the plaintiff concerning risks involved in its use. The defendant also failed to train the plaintiff in the proper operation of the device. Despite plaintiff's assertions that she had properly operated the device, she was blamed for the patient's injury and her employment was terminated. The first count alleges that plaintiff's dismissal violated a covenant of good faith and fair dealing. Count two alleges plaintiff's termination violated public policy in that she was terminated to avoid the required report and investigation when a nursing home patient is injured. The plaintiff claims that this violates the policy embodied in General Statutes 19a-532, which prohibits termination of employment on account of an employee's complaint or testimony in a proceeding involving a nursing home patient. Count three alleges breach of contract and count four alleges defamation.
The defendant moves to strike counts one, two, and four of the complaint and the prayer for relief. On a motion to strike, the complaint is construed in the manner most favorable to the pleader. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 472
(1980). The defendant moves to strike the first count claiming that the implied covenant of good faith and fair dealing should not apply in the employment context to set forth a separate and distinct claim based on breach of contract. However, our courts have endorsed the applicability of the covenant of good faith and CT Page 8958 fair dealing to employment contracts to the extent that "its essence is the fulfillment of the reasonable expectations of the parties." Magnan v. Anaconda Industries, Inc., 193 Conn. 558,572 (1984). The defendant also claims that the first count should be stricken because it is duplicative of count two. However, a motion to strike should be used to challenge the legal sufficiency of the complaint; it is not to be invoked to clean up a complaint or remove possibly repetitive allegations. See Regal Steel Inc. v. Farmington Ready Mix, Inc., 36 Conn. Sup. 137, 140 (1980).
The Connecticut courts recognize a cause of action for wrongful discharge where the discharge contravenes a clear mandate of public policy. Sheets, 179 Conn. at 474-80. The defendant claims the allegations set forth in the complaint fail to fit within the narrow row of Sheets. The defendant claims that the reason for discharge points to a merely incidental effect on public policy and is not sufficient to state a claim for wrongful discharge. Nevertheless, the Sheets court has declared that "public policy imposes some limits on unbridled discretion to terminate the employment of someone hired at will." Id. at 476. "Certainly where there is a relevant state statute we should not ignore the statement of public policy that it represents." Id. at 480. Therefore, viewed in the light most favorable to the pleader, the plaintiff has alleged a cause of action in which the discharge contravenes a clear mandate of public policy.
The defendant next seeks to strike the fourth count because the plaintiff does not allege publication of the false statement by the defendant. "Where there is no communication to anyone but the plaintiff . . . no tort action can be maintained upon the theory of defamation." Keeton, Prosser and Keeton on Torts, 113, pp. 797-98. Therefore, count four is stricken.
The defendant next seeks to strike the claim for punitive damages. In order to furnish a basis for the recovery of punitive damages, the pleadings must allege wanton or willful and malicious misconduct. Markey v. Santangelo, 195 Conn. 76, 77 (1985). "Wanton misconduct is reckless misconduct . . . it is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." Id. at 77 (citations omitted). When viewed in the light most favorable to the plaintiff, the complaint states such allegations of wanton misconduct.
For the reasons stated, the motion to strike is granted as to count four and denied as to counts one, two, and the prayer for CT Page 8959 relief.
Goldberg, J.