[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE OF DEFENDANT RCM ASSOCIATES LIMITED PARTNERSHIP
I.
The plaintiff, Larry E. Stripling, filed an amended CT Page 8763 revised complaint on June 11, 1993, alleging that the defendant, RCM Associates Limited Partnership (RCM), tortiously interfered with plaintiff's lease with his tenant, defendant Structural Technology Corporation (STC). On June 25, 1993, the defendant RCM filed a motion to strike the plaintiff's amended revised complaint on the ground that it fails to allege the necessary elements of a cause of action sounding in tortious interference with contractual rights. RCM also seeks to strike plaintiff's claim for exemplary damages. Both parties filed memoranda of law.
The plaintiff alleges that at some time during August 1991, STC vacated the Gold Star premises leased by STC from him without prior notice to the plaintiff, and entered into a lease agreement with RCM for certain premises at 15 Liberty Way, Rocky Neck Corporate Park in East Lyme, Connecticut. Since vacating the Gold Star premises, STC has allegedly refused to pay the base rent due under the lease, in addition to property taxes and condominium fees. It is alleged that the lease agreement between RCM and STC was entered into on June 19, 1991.
The plaintiff further alleges that on June 27, 1992, the premises at Rocky Neck Corporate Park were quitclaimed and conveyed to RCM by the defendant Fleet National Bank (Fleet). The conveyance was financed by a purchase money loan secured by a mortgage deed from RCM to Fleet and as additional collateral, an assignment of all leases and rentals flowing to RCM from the lease agreement with STC.
 II.
A pleading "shall contain a plain and concise statement of the material facts on which the pleader relies." Practice Book 108. A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152; Pratt v. Town of Old Saybrook225 Conn. 177, 185 (1993). "In ruling on a motion to strike, the court is limited to facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). This includes the facts necessarily implied and fairly provable under the allegations, but not, however, the legal conclusions or opinions stated in the complaint. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490,495 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, CT Page 8764 Inc., supra, 215.
"[The] court has long recognized a cause of action for tortious interference with contractual rights or other business relations." Blake v. Levy, 191 Conn. 257, 260 (1983). The four basic elements of tortious interference with a contract are well established. Id. To establish such an action the plaintiff must plead and prove that: (1) a contract or beneficial relationship existed; (2) that defendant knew of that relationship; (3) that defendant intentionally sought to interfere with it; and (4) as a result, the plaintiff suffered actual loss. See Solomon v. Aberman, 196 Conn. 359, 364 (1985).
Every act of interference is not tortious. Robert S. Weiss Associates v. Wiederlight, 208 Conn. 525, 535 (1988), citing Blake v. Levy, supra, 262. "[A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of interference itself." Id., 262. "A defendant is guilty of tortious interference if he has engaged in `improper' conduct." Golembeski v. Metichewan Grange No. 190,20 Conn. App. 699, 702 (1990). "An action for intentional interference with business relations requires the plaintiff to plead and prove at least some improper motive or improper means." Blake v. Levy, supra, 262. 4 Restatement (Second), Torts 767 states that the following factors should be considered when assessing whether an actor has "improperly" interfered with a contract or prospective contractual relation of another:
(a) the nature of the actor's conduct,
(b) the actor's motive,
 (c) the interests of the other with which the actor's conduct interferes,
 (d) the interests sought to be advanced the actor,
 (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,
 (f) the proximity or remoteness of the actor's conduct to the interference, and CT Page 8765
(g) the relations between the parties.
 III.
The defendant RCM argues in its memorandum of law in support of its motion to strike that the plaintiff's amended revised complaint of June 11, 1993 fails to allege all of the necessary elements to establish a cause of action for intentional interference with contract rights or other business relations. RCM argues that the amended revised complaint absent the opinions stated therein, fails to allege that RCM intentionally sought to interfere with the plaintiff's lease with STC. Furthermore, RCM argues that even if all of the plaintiff's allegations are taken as true, they do not constitute a cause of action for intentional interference with contract rights since the plaintiff has alleged no new facts which show that RCM induced STC to breach its lease or obligation to pay rent to the plaintiff.
The plaintiff asserts that he has alleged facts which demonstrate that the defendant RCM interfered with the lease between the plaintiff and STC. The plaintiff further argues that he has alleged facts which demonstrate that RCM encouraged, induced or otherwise facilitated STC's breach of the lease with the plaintiff, thus sufficiently pleading a cause of action for tortious interference with contract rights or business relations.
The plaintiff alleges, at paragraph twenty-six of his June 11, 1993 amended revised complaint, that "[b]y virtue of his by-definition inconsistent representations to the tenant which broke its lease with plaintiff and to the bank which enabled him to so induce the tenant to default on its contract, Michael Belfonti on behalf of defendant RCM intentionally and deliberately induced STC to enter into a transaction it would not otherwise have done."
The plaintiff alleges, at paragraph twenty-seven, that "[b]y virtue of his by-definition inconsistent representations to the tenant which broke its lease with plaintiff and to the bank which enabled him to so induce the tenant to default on its contract, Michael Belfonti on behalf of defendant RCM intentionally and deliberately induced Fleet National Bank to enter into a transaction it would not otherwise have done."
The plaintiff finally alleges, at paragraph twenty-eight, that "[b]y virtue of his by-definition in consistent representations CT Page 8766 to the tenant which broke its lease with plaintiff and to the bank which enabled him to so induce the tenant to default on its contract, Michael Belfonti on behalf of defendant RCM intentionally and deliberately induced STC to breach its lease."
Paragraphs twenty-six, twenty-seven and twenty-eight all contain opinion or conclusory statements and therefore cannot be taken as true in deciding the defendant's motion to strike. See Westport Bank Trust Co. v. Corcoran, Mallin Aresco, supra, 495.
Moreover, paragraphs twenty-six, twenty-seven and twenty-eight also fail to allege the necessary elements of interference needed to support a cause of action for intentional interference with contract rights and other business relations. The plaintiff has simply failed to allege facts which demonstrate that the defendant RCM interfered with the lease between the plaintiff and STC.
It appears that the plaintiff concludes that interference by RCM occurred based on STC's breach of its lease with the plaintiff. The core of plaintiff's breach claim is that STC vacated plaintiff's premises and stopped paying rent and other charges. That claim is not supported by factual allegations and is therefore subject to a motion to strike. Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 215. Even assuming the truth of the allegations and opinions stated in paragraphs twenty-six, twenty-seven and twenty-eight, the plaintiff has failed to allege that RCM acted with an improper motive or improper means in inducing STC to breach its lease with the plaintiff and not pay rent. The improper motive or means attributed to RCM in the above paragraphs were instead directed at allegedly inducing Fleet to grant RCM purchase money financing. Therefore, plaintiff's amended revised complaint is legally insufficient and varies minimally, if at all, from the fourth count of the revised complaint struck by Judge Hurley on June 2, 1993.
Additionally, RCM moves to strike the plaintiff's claim for exemplary damages as set forth in his prayer for relief. In Connecticut, exemplary or punitive damages are permitted and consist of reasonable expense properly incurred in litigation. Markey v. Santangelo, 195 Conn. 76, 80 (1985). To justify punitive damages, however, "the pleadings must show wanton or wilful malicious misconduct." Id., 77. In the present case, no such showing has been made. Accordingly, the plaintiff's claim for exemplary damages must also be stricken. CT Page 8767
Accordingly, RCM's motion to strike is granted.
Teller, J.