[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Gloria and Michael Tiscia, have filed a revised five count complaint against the defendants, David Wise, the City of Stamford and Michael Dale, seeking recovery for CT Page 8444 injuries Gloria Tiscia sustained when, while at the Gaynor Brennan Golf Course, she was struck in the head by a golf ball that was hit by Wise. The first and second counts of the revised complaint, which allege negligence and recklessness, respectively, are directed against Wise. The plaintiffs' prayer for relief they seeks punitive and exemplary damages as to count two.
Wise has filed a motion (#114) to strike the plaintiffs' "claim for punitive and exemplary damages as to the second count on the grounds that the plaintiff has not set forth sufficient allegations within the Second Count to warrant the application of said damages." Pursuant to Practice Book § 152(2), a motion to strike may be used to contest the "legal sufficiency of any prayer for relief in any . . . complaint, counterclaim or cross-complaint . . . ." If the relief requested in a prayer for relief does not correspond to the allegations contained in the complaint, a motion to strike a prayer for relief should be granted. Lessler v.Sundwall, Superior Court, Judicial District of Litchfield, Docket No. 55578 (March 9, 1994, Pickett, J.), citing Van Epps v.Redfield, 68 Conn. 39, 45, 35 A. 809 (1896). In deciding a motion to strike, the court must construe the allegations in the light most favorable to the nonmoving party. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
Wise argues that the plaintiffs' claim for punitive damages must fail because the second count of the plaintiffs' complaint fails to allege facts that rise to the level of reckless conduct in that the plaintiffs have merely realleged their claim of negligence and added the word reckless. The plaintiffs argue that count two sufficiently alleges a claim of recklessness because they have alleged that Wise knew of the plaintiff Gloria Tiscia's presence and perceived the risk of injury to her.
In order to recover punitive damages, "the pleadings must allege and the evidence must show wanton or willful malicious misconduct, and the language in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought . . . . A willful or malicious injury is one caused by design. Wilfulness and malice alike import intent . . . . . Wanton misconduct is reckless misconduct . . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or the consequences of the action." (Citations omitted; internal quotation marks omitted.) Markey v. Santangelo,195 Conn. 76, 77-78, 485 A.2d 1305 (1985); see also Berry v.Loiseau, 223 Conn. 786, 811, 614 A.2d 414 (1992); Vandersluis v.CT Page 8445Weil, 176 Conn. 353, 358, 407 A.2d 982 (1978). Recklessness "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." Sheiman v. Lafayette Bank and Trust Co., 4 Conn. App. 39,45, 492 A.2d 219 (1985).
In the present case, in count two of their complaint, the plaintiffs have alleged that the injuries to Gloria Tiscia were caused by the "reckless conduct" of Wise in that "at the time he struck the golf ball, he knew that other persons, including the plaintiff Gloria Tiscia, were present in the direction in which he struck the golf ball," and that Wise "perceived the risk of the golf ball striking the plaintiff Gloria Tiscia and causing the injuries which resulted." The factual allegations of count two of the complaint, construed in the light most favorable to the plaintiffs, sufficiently allege reckless conduct by Wise. SeeMarkey v. Santangelo, supra, 195 Conn. 77-78. Accordingly, the motion to strike the punitive damages portion of the plaintiffs' complaint is denied.
So Ordered.
Dated at Stamford, Connecticut, this 27th day of July, 1995
WILLIAM BURKE LEWIS, JUDGE