Jaime **RODRIGUEZ**, Plaintiff,

v.

Salvatore **ABBATIELLO**, Jr., Defendant.

No. 3:97–CV–00201 (WWE).

United States District Court,
D. Connecticut.

Oct. 26, 1998.

Wesley S. Spears, Hartford, CT, for Plaintiff.

Jeffrey G. Schwartz, Law Offices of Scott B. Clendaniel, Hartford, CT, for Defendant.

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR JUDGMENT AFTER TRIAL AND PLAINTIFF'S MOTION FOR AWARD OF PUNITIVE DAMAGES

EGINTON, Senior District Judge.

### INTRODUCTION TO PART ONE: MOTION FOR JUDGMENT AFTER TRIAL

This civil action, in its essence, is a police misconduct case, brought pursuant to 42 U.S.C. Section 1983 and state law. A four day jury trial was held in June. The jury found in favor of plaintiff Rodriquez on the state law claim of assault and/or battery, and further determined that punitive damages should be awarded, in an amount to be determined by the Court. Defendant Abbatiello

moves for Judgment After Trial, pursuant to Federal Rules of Civil Procedure 50(b)(1)(c), 51 and 52. He asserts that the jury's verdict in favor of the plaintiff is barred by the doctrine of sovereign immunity; there was plain error in the jury charge as to punitive damages; and, finally, punitive damages are not available in a case of negligent assault.

## LEGAL ANALYSIS

### I. The Standards of Review As Applied

### A. Federal Rule of Civil Procedure 50(a)(2)

Rule 50(a)(2) provides:

(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and facts on which the moving party is entitled to judgment.

The purpose of requiring that specific grounds be stated in such a motion is to fully apprise the trial court of the movant's position. *Ralston Purina Co. v. Parsons Feed & Farm Supply, Inc.*, 364 F.2d 57, 59–60 (8th Cir.1966) (failure to state specific grounds relied upon sufficient basis in and of itself for denial thereof). The provision of this Rule that a motion made thereunder shall state the specific grounds therefor is mandatory and, generally speaking, may not be waived. *Budge Mfg. Co. v. United States*, 280 F.2d 414, 415–16 (3d Cir.1960). *See also Cruz v. Local Union No. 3 of Intern. Broth.*, 34 F.3d 1148 (2d Cir.1994) (this procedural requirement may not be waived as a pure technicality); *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir.), *cert. denied* 148 L.R.R.M. (BNA) 2177 (1993) (relief from the specificity requirement is available only to avoid manifest injustice to the moving party.)

A review of the transcript in the present case reveals that defendant's motions consisted of the following at the close of the plaintiff's case:

MR. SCHWARTZ: Okay. I also would like to make, for the record, a motion for dismissal of the case based on the evidence submitted so far.

At the end of the case, Mr. Schwartz restated his earlier motion:

MR. SCHWARTZ: The only motion I have is just a renewal of a motion for judgment and/or dismissal for insufficiency or on the weight of the evidence as to these counts.

These motions do not "specify the judgment sought and the law and the facts on which the moving party is entitled to judgment." Fed.R.Civ.P. 50(a)(2). As noted above, the purpose of requiring that specific grounds be stated in such a motion is to fully apprise the trial court of the movant's position. Plainly, these two de minimis "motions" fall woefully short of the mandatory requirements of Rule 50(a)(2). In the present case, the trial court was left to discern for itself exactly what evidence was allegedly insufficient and what boundaries of law remained unfilled or unsatisfied, as there was no direction from the moving attorney. The facts and law upon which the moving party should have fully delineated were completely absent. As no manifest injustice will result to the moving party, for this reason alone, this Motion may be denied. *See Samuels* and *Cruz, supra.*

The Court will, however, in a sense of judicial equity, consider defendant's other claims with the caveat that such is legally unnecessary under Fed.R.Civ.P. 50(a)(2). Accordingly, the treatment of the other claims will be brief.

### B. Federal Rule of Civil Procedure 50(b)

Because a judgment as a matter of law intrudes upon the rightful province of the jury, it is highly disfavored. The Court of Appeals for the Second Circuit has repeatedly emphasized that, when confronted with such a motion, the court must carefully scrutinize the proof with credibility assessment made against the moving party and all inferences drawn against the moving party. *Luciano v. The Olsten Corp.*, 110 F.3d 210, 214–15 (2d Cir.1997); *EEOC v. Ethan Allen, Inc.*, 44 F.3d 116, 119 (2d Cir.1994). A district court may not grant a motion for judgment as a matter of law unless "the evidence is such that ... there can be one conclusion as

to the verdict that reasonable [persons] could have reached." *Cruz*, 34 F.3d at 1154–55. *See also U.S. v. One Parcel of Property Located at 121 Allen Place, Hartford, Connecticut*, 75 F.3d 118 (2d Cir.1996); *Samuels*, 992 F.2d at 14.

■ This is patently not such a case. The jury could have reasonably found, under the instructions given on assault and battery, that the force used by the officer, which resulted in a head injury requiring eighteen stitches and led to blurred visions and headaches, was manifestly an assault and battery under Connecticut law

### C. The Doctrine of Qualified Immunity

Turning now to the specific points raised in defendant's motion for judgment, we first consider the doctrine of qualified immunity, which the moving papers misstate as sovereign immunity.

■ Connecticut courts describe the conduct deserving of qualified immunity as that of "the performance of governmental acts as distinguished from ministerial acts. Government acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature..... On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action" and are not deserving of qualified immunity. *Gordon v. Bridgeport Housing Authority*, 208 Conn. 161, 544 A.2d 1185, (1988). The sine qua non is the existence of a public/private duty. Only the taking of an action which inures to the benefit of the public is qualifiedly immune. *See Gordon*, 208 Conn. at 166–170, 544 A.2d 1185, and cases collected therein. A strictly private act, in contradistinction, has been recognized where it would be apparent to a public officer that his or her actions would likely to subject an identifiable person to imminent harm. *Shore v. Stonington*, 187 Conn. 147, 153, 444 A.2d 1379 (1982).

■ The defendant is not qualifiedly immune under the facts of this case. The distinction between a duty owed to the public and that owed to an identified individual could not be clearer than herein. It should

have been manifestly clear to defendant that the extreme beating he rained upon plaintiff clearly violated Connecticut law.

### D. The Jury Charge

In his Motion for Judgment After Trial defendant also asserts that certain instructions in the jury charge on punitive damages were erroneous, in that they applied a federal, rather than a state, charge on the requirements for such damages. However, a review of the trial transcript reveals that counsel did not except to the charge. Rather, the only discourse regarding punitive damages was as follows, as defense counsel was setting forth his exceptions:

MR. SCHWARTZ: And with respect to the amount of punitive damages as to any of the state claims, 8 through 12 would be that. I believe—

THE COURT: Well, that's up to me to assess, but the jury has to tell me to do that and then I—I take evidence from the parties on—what the lawyers—what the costs are.

MR. SCHWARTZ: Under any of the state law?

THE COURT: State law.

MR. SCHWARTZ: Correct.

THE COURT: Yeah.

MR. SCHWARTZ: Okay. Also—and if that's—the procedure, I think that's appropriate and I don't have any exceptions.

■ Absent a proper and timely exception, the present objection to the jury charge on punitive damages is deemed to have been waived.

### E. The Availability of Punitive Damages For Negligent Assault

The defendant's final contention is that punitive damages are not available on a claim for negligent assault.

■ Connecticut courts have consistently stated that "[i]n order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights." *Collens v. New Canaan Wa-*

*ter Co.,* 155 Conn. 477, 489, 234 A.2d 825 (1967), *quoted in Venturi v. Savitt, Inc.,* 191 Conn. 588, 592, 468 A.2d 933 (1983) and *Berry v. Loiseau,* 223 Conn. 786, 811, 614 A.2d 414 (1992). If the evidence discloses that a defendant was recklessly indifferent to the rights of a plaintiff, an actual intention to do harm is not necessary. *Collens,* 155 Conn. at 490, 234 A.2d 825.

■ Because an assault and battery may be committed in three ways—first, if committed willfully or voluntarily, and therefore intentionally; second, done under circumstances showing a reckless regard of the consequences; third, committed negligently—a complaint which only puts a defendant on notice that the plaintiff is allegedly seeking damages for a garden-variety "assault and battery", would be insufficient for the grant of punitive damages. *Markey v. Santangelo,* 195 Conn. 76, 78, 485 A.2d 1305 (1985).

■ Defendant's conduct falls into the second of the three *Markey* strictures, *i.e.,* this assault and battery was clearly done under circumstances showing a reckless disregard of the consequences. This complaint is laden with such charges—a laceration to plaintiff's head requiring eighteen stitches, blurred vision and headaches, for example. By incorporating the earlier counts of the complaint, defendant is legally bound to have recognized that the assault and battery he was being charged with was done with a reckless disregard of the consequences of his physical abuse of Plaintiff. As in the *Markey* case, this complaint went beyond a "mere bare bones allegation of assault and battery." *Markey* at 78, 485 A.2d 1305. The complaint "charges by reasonable inference that the defendant willfully assaulted the plaintiff. At the very least it charges that he wantonly did so." *Id.* at 78–79, 485 A.2d 1305. *See, e.g.,* Complaint at ¶¶ 1, 10, 18, 20 (defendant acted "unreasonably, unlawfully and with intentional malicious and/or wanton disregard of plaintiff's rights"), ¶ 26. The complaint, when reviewed as a whole, as the Court must, gave the defendant sufficient notice that he was being charged with aggravated conduct. *Markey,* 195 Conn. at 79, 485 A.2d

1305. Accordingly, punitive damages are available in this case.

The claim under Fed.R.Civ.P. 51 is likewise denied. As there is no briefing on Rule 52, and the Court is left to conjecture over its applicability, the claim is deemed waived.

## *PART TWO:*

### *PLAINTIFF'S MOTION FOR PUNITIVE DAMAGES*

"In Connecticut, punitive damages are available and consist of a reasonable expense properly incurred in the litigation; *Shupack v. Gordon,* 79 Conn. 298, 303, 64 A. 740 (1906); less taxable costs. *Triangle Sheet Metal Works, Inc. v. Silver,* 154 Conn. 116, 127, 222 A.2d 220 (1966)." *Markey,* 195 Conn. at 80, 485 A.2d 1305. Accordingly, the Court must determine what fee is reasonable and which of the costs submitted are taxable.

■ Calculation of the amount of attorneys' fees to be granted is often referred to as the "lodestar." Such a calculation requires the Court to determine the number of hours reasonably spent on the litigation and to exclude hours which are excessive, redundant or otherwise unreasonable. Calculation of the lodestar also requires the Court to determine the "prevailing market rates" for the types of services rendered. There exists a strong presumption that the lodestar figure represents a reasonable fee. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). Limited success at trial must be taken into consideration and may rebut this presumption, however.

■ After thorough and detailed review of the hours spent by plaintiff's counsel, the Court finds that none were unreasonable, unnecessary or duplicative. Similarly, in addition to their own affidavits of fee request amounts, plaintiff's counsel have submitted a very detailed affidavit of an attorney practicing in the identical market place, in the identical field. Resultantly, the Court finds that $250 per hour for lead counsel and $150 for his associate are eminently reasonable fees.

Notwithstanding, the Court must take into account the fact that Plaintiff prevailed on just one of the four Counts of his Complaint. In doing so, however, the Court is mindful of the similarity of much of the evidence presented, as well as the overlap in some portions of the law. Accordingly, the Court holds that the "reasonable expenses properly incurred in this litigation" equals $23,006.25 for attorney's fees and $425.70 in nontaxable costs, in accordance with the itemized list of expenses, for a total in punitive damages of $23,431.95

## CONCLUSION

For the reasons set forth herein, the Motion For Judgment After Trial [Doc. No. 31] is hereby DENIED. The Motion for Award of Punitive Damages [Doc. No. 34] is GRANTED IN PART, in the amount of $23,-431.95.

The Clerk is directed to close this file.

SO ORDERED.