[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL JUDGMENT
Judgment was rendered for the plaintiffs in this matter by memorandum of decision (Rittenband, J.) dated August 7, 1995. Said judgment was subsequently affirmed by the Appellate Court,52 Conn. App. 199 (1999). Plaintiffs, by motion dated April 6, 1999, have moved for a Supplemental Judgment seeking additional attorney's fees.[1] Oral argument on this matter was heard on May 5, 1999. Defendants conceded at oral argument that additional attorney's fees may be awarded pursuant to the promissory note referenced in the First Count and under the Connecticut Unfair Trade Practices Act (hereafter "CUTPA") referenced in the Ninth Count. This is in line with the general rule that "absent contractual or statutory authorization, there can be no recovery, either of costs or damages . . . for counsel fees. . . ."Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280, 297
(1984). Here, the promissory note is a contract and punitive damages including attorney's fees are authorized by CUTPA, C.G.S. § 42-110b et seq. An exception to this general rule aforementioned is that attorney's fees may be awarded as a component of punitive damages. Markey v. Santangelo, CT Page 7831195 Conn. 76, 80 (1985).
The promissory note for which the court found the defendants liable under Count One clearly provides for attorney's fees, costs and expenses incurred in litigation to [collect thenote.[2]
The court finds that the attorney's fees and costs itemized in Schedule A attached to plaintiffs' motion were attorney's fees, costs and expenses incurred in litigation to collect the amount due under the promissory note including, the attorney's fees, costs and expenses to successfully defend the appeal. Although the hourly rate for Attorney Gersten increased from the original award of attorney's fees, the court finds that hourly rates of $280, $260, $240 and $220 are not unreasonable considering Attorney Gersten' s levels of experience and expertise as such levels have been increased since the original award of attorney's fees. The court further finds that such rates are comparable to prevailing rates in the greater Hartford area for attorneys with similar experience, expertise and ability. The court, therefore, finds the attorney's fees and costs in the Schedule A dated May 10, 1995, to be fair, just and reasonable.
The court, however, will deduct from the total the time spent by Attorney Gersten on the cross-appeal. The only information before the court is that Attorney Gersten's time in regard to the cross-appeal is three and one-half hours. The court will, therefore, deduct from the total the amount of $980.00.
The court further reduces the total amount for charges of April 2, 1999 through April 22, 1999 and on May 6, 1999, amounting to $700.00 since these were not related to the hearing on May 5, 1999 and were not present on the original Schedule A. Defendants, therefore, had no opportunity to contest them.
Accordingly, attorney's fees and costs are awarded to the plaintiffs pursuant to the promissory note in the amount of $83,851.44.
As for attorney's fees under CUTPA, the court awards the same amount fully recognizing that part of the fees related to the appeal and part to the collection of the judgment. The court finds that attorneys fees and costs for collection of the judgment are properly awarded under CUTPA under which the court has broad discretion in awarding same as part of punitive CT Page 7832 damages.
Of course, these awards are not cumulative, the total award being in the amount of $83,851.44.
Rittenband, J.