[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was tried in consolidation with DunsmoreAssociates, Ltd. v. D'Alessio, Superior Court, Judicial District of New Haven, No. 409906. The defendant, Dunsmore Associates, Ltd., is engaged in the business of recruiting marketing research personnel (candidates) and placing them, for a fee, at many of the largest corporations (clients) in the United States. The plaintiff, John F. Hoover, was one of three recruiters employed by the defendant.[1] The plaintiff has brought this action in two counts. The first count alleges that the defendant breached its contract with the plaintiff. The second count alleges that the plaintiff breached the covenant of good faith and fair CT Page 261 dealing implied in the plaintiff's employment agreement.
The agreement between the parties was that the plaintiff would receive a commission of 8.5% based on all billings for placements made by the plaintiff. In November, 1997, the plaintiff placed a market researcher with Kraft Foods and billed Kraft $18,900.00 for that service. Kraft did not make payment immediately. On January 26, 1998, the plaintiff resigned his position with the defendant. Subsequently, Kraft paid the fee for the placement.
The defendant has refused to pay the plaintiff his percentage commission of this fee, amounting to $1,606.50. The defendant's position is that it is not obligated to pay the plaintiff because Kraft did not pay the fee until after the plaintiff's departure. The court disagrees. As stated supra, the agreement between the parties was that the plaintiff would receive a commission of 8.5% based on all billings of placements made by the plaintiff; there was no agreement that if the plaintiff terminated his employment with the defendant he would forfeit moneys based on billings made prior to his departure. Cf. Diana v. Burnside Motors, Inc.,30 Conn. Sup. 561, 304 A.2d 222 (1973). "Ordinarily an employee does not forfeit his right to commissions, already earned, by the termination of his employment." 30 C.J.S., Employer-Employee, § 142. That the worker's status is that of an independent contractor rather than an employee is not a distinguishing factor. In Connecticut, moreover, there is a strong public policy in favor of payment of earned compensation. See General Statutes § 31-72.[2]
The second count, alleging a breach of the implied covenant of good faith and fair dealing, is brought for the evident purpose of obtaining punitive damages.
The law implies a covenant of good faith and fair dealing into every employment contract. Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 479 A.2d 781 (1984). However, the court is unable to award the plaintiff punitive damages. Even assuming that the defendant acted in the manner required for the court to make such an award; see L. F. Pace Sons, Inc. v. Travelers Indemnity Co.,9 Conn. App. 30, 47-48, 514 A.2d 766, cert. denied,201 Conn. 811, 516 A.2d 886 (1986); there is no evidentiary basis for an award of punitive damages. "Punitive damages consist of a reasonable expense properly incurred in the litigation . . . less taxable costs." (Citation omitted.) Markey v. Santangelo,195 Conn. 76, 80, 485 A.2d 1305 (1985). Typically, the lionshare of CT Page 262 an award of common law punitive damages consists of attorney's fees. Crowther v. Gerber Garment Technology, Inc.,8 Conn. App. 254, 268, 513 A.2d 144 (1986). As observed supra, this action was tried in consolidation with the case of Dunsmore Associates, Ltd. v. D'Alessio, supra. While that case was tried over the course of four days, the issue in this case was tried over the course of a few moments within the Dunsmore
case.[3] No evidence of attorney's fees was presented and the court is unable to segregate out those few moments of counsel's time in the Dunsmore case as ascribable to this case.
Judgement may enter for the plaintiff in the amount of $1,606.50.
BY THE COURT
Bruce L. LevinJudge of the Superior Court