[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has brought this amended complaint dated February 5, 1999 in two counts. In the first count he alleges intentional assault and battery and seeks monetary damages. In the second count he alleges willful and wanton assault and battery and seeks monetary and punitive damages. The defendant in his answer has left the plaintiff to his proof in regard to both counts.
A trial to the Court was held on February 9, 2000. The Court finds the following facts. On January 10, 1998 plaintiff James Kandel ("Kandel") and defendant Samuel Sobol ("Sobol"), both in their late seventies or eighties, attended a Sabbath service at the United Synagogue in West Hartford. After the service they attended a Klddush at the synagogue. While there the two men became embroiled in a verbal argument. This argument escalated until Kandel was bumped or pushed by Sobol. The two men were thus restrained and separated by others who were standing nearby. Shortly thereafter Kandel and Sobol met again in the parking lot of the synagogue. Sobol approached Kandel and punched him with his fist. The assault caused Kandel to fall against a headlight of a car, and he sustained a laceration to the back of his head. Kandel fell on the driveway and Sobol then kicked him and put his foot on Kandel's face. Kandel was knocked unconscious. An ambulance took Kandel to the hospital, and Sobol was arrested and CT Page 4735 brought to the police station.
While Kandel was in the hospital eight or nine stitches had to be taken in his head and he was forced to remain in the hospital for approximately three days. He has suffered headaches and pains in his rib area as a result of the assault. His medical expenses were approximately $10,000.00. The Court finds that in accordance with count 2 the plaintiff has proved by clear and convincing evidence that the assault he received was willful, wanton, and malicious. As a result of said assault he sustained the laceration to his head, a concussion, headaches, some memory loss, and contusions to his rib area.
The evidence clearly showed that this assault and battery was committed wilfully and intentionally under circumstances showing a reckless disregard of the consequences. At no time had Kandel hit Sobol. Thus the Court finds that the plaintiff is entitled to punitive damages. Markey v. Santangelo, 195 Conn. 76, (1985).
Although Kandel claims permanent injuries, the Court finds he has failed to prove that his claims of permanency can be attributed to this assault. He has had prior accidents in which he received permanency ratings. Furthermore, he has had a history of headaches prior to this assault. It is thus difficult to attribute any permanency to this assault, and the Court cannot speculate in this regard.
Accordingly, under count 2, judgment may enter as follows:
 Economic Damages: Amount due Dr. Murray Wellner $ 1,310.00 Medicare Lien * 6,238.18 ___________ Total Economic Damages * $7,548.18
 Non Economic Damages Pain and Suffering, etc. $25.000.00 ___________ Recovery * $32,548.18
 Punitive Damages Attorney's fee (1/3 of stated recovery) * 10,849.39 ___________ * $43,397.57
Allen, JTR.