[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
FACTS:
CT Page 16622
The plaintiff, owner of a parcel on land in the Town of Goshen, CT., commenced this action in the form of a complaint for a declaratory judgment to determine what legal right or entitlement the plaintiff may have to use the abutting parcel owned by the defendant. The defendant, on February 23, 2001, caused a notice pursuant to General Statutes § 47-39
to be filed on the land records of the Town of Goshen giving notice that the defendant disputed any right of way or easement for a sewer, septic, leeching field or laterals claimed by the plaintiff over the defendant's abutting parcel.
The plaintiff prays that the court find and establish for the plaintiff by way of a declaratory judgement one or more of the following:
a.) an easement by grant;
b.) an easement by implication and by reasonable necessity;
c.) an easement by estoppel;
d.) an irrevocable license.
Also, the plaintiff seeks in its prayer for relief attorney's fees to be awarded by the court.
The defendant moves to strike the plaintiff's prayer for relief seeking an easement by estoppel and also the plaintiff's prayer for relief seeking attorney's fees.
DISCUSSION:
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. Denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996).
The defendant relies on the case of Ianotti v. Ciccio, 219 Conn. 36
CT Page 16623 (1991) as the basis for its claim that the plaintiff may not seek an easement by estoppel in its prayer for relief. The court has reviewedIanotti v. Ciccio, and finds that the case is not applicable to the plaintiffs stated cause of action.
In Ianotti, supra, the plaintiffs were a husband and wife who were cotenants of a parcel of land. The husband had by quitclaim deed, granted an easement to the defendant. The quitclaim deed was not executed by his wife, nor did she consent to the granting of the easement. The court concluded that the claim of estoppel could not be asserted against the wife and that the quitclaim deed was voidable by her as the non-consenting cotenant of the parcel. Neither the facts nor outcome inIanotti are applicable in this matter.
In Mellon v. Century Cable Management Corp. 247 Conn. 790, 794 (1999) the court in reviewing Foldeak v. Incerto, 6 Conn. Cir. Ct. 416 (1970) defined an easement by estoppel as follows:
 "An easement by estoppel arises where a grantor voluntarily imposes an apparent servitude on his property and another person, acting reasonably, believes that such servitude is permanent and in reliance upon that belief either does something he would not otherwise have done or refrains from doing something that he would otherwise had done."
The court in Mellon, supra, concludes that this passage from Foldeak
alludes to the three essential elements of estoppel, translated into the context of easements: ". . . (1) the party against whom estoppel is asserted must induce a belief in another person that certain facts exist; (2) the other party must change its position in reliance on that belief; and (3) that party must suffer some injury as a result of such reliance" Id., 795.
On the basis of the definition of easement by estoppel the plaintiff has stated legally sufficient facts in its complaint to state a claim upon which relief can be granted.
Therefore, the defendant's motion to strike the plaintiffs prayer for relief claiming an easement by estoppel is denied.
The defendant also moves to strike the plaintiffs prayer for relief seeking attorney's fees. The defendant claims that the law in Connecticut is well settled that absent statutory or contractual authority the plaintiff cannot recover attorney's fees. The plaintiff claims that it is entitled to attorney's fees as an element of punitive damages. CT Page 16624
In Markey v. Santangelo, 195 Conn. 76, 77 (1985) the court stated the rule for the granting of punitive damages:
 "To furnish the basis for the granting of such damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought."
In the Court's review of the plaintiff's complaint, there is found no allegations of wanton or wilful malicious misconduct by the defendant.
Therefore, the court grants the defendant's motion to strike the plaintiffs prayer for relief claiming attorney's fees.
Agati, J.