[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff alleges sexual abuse by the defendant, her stepfather, from ages five to six years and continuing until she was thirteen or fourteen years of age. The defendant admitted to some of the claims and denied others. The plaintiff suffered recurring posttraumatic stress disorder and severe psychological injury and impairment of her ability to carry on life's activities. As a result, she required in the past, and will in the future, psychiatric and psychological treatment.
Specifically, the plaintiff testified that she was forced to perform oral sex upon the defendant once at age five or six in the bathroom. She also referred to an incident in the bedroom, but could not recall any of CT Page 3540 the details. There was also testimony about various sexual touching in the defendant's truck and other locations where the defendant touched be breasts and buttocks and made her touch his penis which he exposed to her on many occasions, all of which caused her to suffer emotional distress and psychological disorders. She also claimed sexual abuse by her brother, which she claimed did not cause her any real problem. She blames all her difficulties on the acts of the defendant. The brother testified and denied any sexual abuse of the plaintiff.
In his testimony, the defendant acknowledged that he made the plaintiff perform oral sex upon him four or five times over a four week period when she was five to six years of age. He denies any other sexual activities whatsoever with the plaintiff.
The court believes the testimony of the plaintiff rather than that of the defendant except for the acts of abuse which the defendant admitted.
The plaintiff is presently 34 years of age. She was born November 1, 1967 and has a life expectancy of 47 years. Linda Doran, a registered nurse and psychological therapist, testified that the plaintiff's problems are due to the sexual abuse she suffered as a child as a result of the activities of the defendant. The damage done to her is permanent and she will need treatment weekly and then less frequently at a rate of $80 per session. He diagnosis of the plaintiff's problems was that of chronic depression.
Eric Whitall, clinical psychologist, testified that he examined and treated the plaintiff over a period of months and saw her a total of nine times. He found that she was sexually molested over a period of years from age five to fourteen years. His diagnosis was also chronic depression caused by the sexual abuse of her stepfather, the defendant. He recommends future counseling for the rest of her life at $150 per session.
Michelle Urban, clinical social worker, testified that she had treated the plaintiff in the past and is presently treating her again. She found that the cause of the plaintiff's problems was the sexual abuse she sustained as a child by the acts of the defendant. She recommends a life time of treatment at $100 per session, weekly, or at minimum, monthly for the rest of her life.
David Mantell, clinical psychologist, was called by the defendant. He examined the plaintiff on one occasion. He found that the acts of the defendant caused the plaintiff's condition, at least partially, but that there may have been other contributing factors. He did acknowledge that she requires treatment for her condition. He stated that she should seek CT Page 3541 treatment as needed rather than on a regular basis. He also opined that there are medications which the plaintiff could take which would be less expensive than therapy and also recommended that she attend free group therapy sessions.
Counsel for the defendant agreed that all of her past treatment was covered by insurance and also that some of her future treatment would be covered by insurance. He claims, therefore, that that should be taken into consideration by the court and damages should not be awarded for any matters covered by insurance. The court finds that the law does not permit the defendant to benefit by any such insurance coverage with respect to damages claimed in the future. With respect to the past treatment, since there was no claim made for it by the plaintiff, the court will not consider any prior treatment in assessing the amount of damages in this case.
The plaintiff claims economic damages of $90,240, based upon two visits per month for the rest of the plaintiff's 47 year life expectancy at an average fee of $80 per session. The defendant argues that the future medical expenses should be limited to $15,000, when considering the cost of medication and the lack of cost for group therapy in addition to some actual therapy by individual psychologists. The plaintiff does not claim any loss of earning capacity.
It is the firm belief of the court, based upon all the evidence from both sides, that $50,000 is a reasonable amount for economic damages, assuming that the plaintiff uses medication, attends some group therapy sessions and has some treatment by individual therapists.
With respect to noneconomic damages for the emotional and mental distress that the plaintiff suffered, the defendant suggests the amount of $60,000. The plaintiff claims $250,000 is a reasonable amount. The court finds that a fair, just and reasonable award to fairly and justly compensate the plaintiff for her injuries would be the amount of $100,000.
The plaintiff also claims attorney's fees by way of punitive damages in accordance with the case Barry v. Loiseau, 223 Conn. 786 (1992). A willful or malicious injury may be the basis for awarding punitive damages including attorney's fees. A contingent fee arrangement has also been approved by our Supreme Court in the case of Markey v. Santangelo,195 Conn. 76, 77-78 (1985).
The court hereby awards to the plaintiff economic damages in the amount of $50,000 and noneconomic damages in the amount of $100,000. Total damages $150,000. In accordance with that total award of $150,000, the CT Page 3542 court awards a fee of one-third that amount as a contingent fee in the amount of $50,000 for attorney's fees. The total award, therefore, to the plaintiff is in the amount of $200,000.
D. Michael Hurley, Judge Trial Referee