[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR A DECLARATORY JUDGMENT
CT Page 7159
 I. Introduction
The plaintiff, Amex Assurance Co., has instituted this action for a declaratory judgment to determine whether it is obligated under a homeowner's policy to defend or indemnify the defendant, Walter Horobin, its insured, in the civil action entitled Riverav. Horobin, Superior Court, judicial district of New Haven at New Haven, Docket No. 398178. In that action, Tony Rivera commenced suit against Horobin for personal injuries sustained as a result of Horobin's negligence. Specifically, Rivera alleges that Horobin negligently and carelessly restrained him by holding him by the neck and/or arms and continued to restrain him despite his attempts to struggle free.
The present plaintiff maintains that is not obligated to provide a defense or to indemnify Horobin in the underlying action because Horobin's conduct was intentional and thereby excluded from coverage under the insurance policy.
The homeowner's policy in question provides: "We will pay all sums arising out of any one occurrence which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this policy. If a claim is made or a suit is brought against the insured person for liability under this coverage, we will defend the insured person at our expense using lawyers of our choice." (Plaintiff's Exhibit A, p. 14.) The policy further states: "Under Personal Liability Coverage and Medical Payments to Others Coverage, we do not cover: . . . 5. Bodily injury or property damage expected or intended by an insured person." (Plaintiff's Exhibit A, pp. 16-17.) The question of fact presented for this court is whether the injury to Rivera was caused intentionally by Horobin.
 II. Facts
This matter was tried before the court on February 25th and 26th of 1998. Based on the testimony presented, the court finds the following facts. On September 27, 1996, Horobin's son, Walter, came home from school complaining that a security guard had grabbed him by the back of the neck after being involved in an altercation with two other students while waiting for the school bus. Horobin testified that Walter's neck appeared to be red and "looked like someone's hand had held him." (February 26, CT Page 7160 1998 Transcript, p. 4.) Walter stated to his father that his neck hurt and was stiff. Thereafter, Mr. Horobin drove to the Betsy Ross School, and sought out the security guard, Tony Rivera. Horobin testified that he did not intend to hurt Rivera but instead wanted to make Rivera feel as helpless as his son felt in Rivera's arms.[1]
Upon seeing Rivera, Horobin spun Rivera around, grabbed Rivera by the back of the neck, and pushed him into a bulletin board. Horobin held Rivera in this position for a short period of time, until Rivera attempted to free himself from Horobin's grasp. At which point, the two men stumbled and fell against a desk. As a result, Rivera sustained injuries to his lower back.
At the time of the incident in question, Horobin was described by witnesses at the scene as "full of anger," yelling and screaming, hostile and angry, as well as attacking. Testimony, however, reveals that at no time during this skirmish did Horobin ever strike Rivera.
 III. Standard
"An action for declaratory judgment is a special proceeding."Wilson v. Kelley, 224 Conn. 110, 121, 617 A.2d 433 (1992). "The purpose of a declaratory judgment action . . . is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between parties." (Emphasis in original; internal quotation marks omitted.) Id., 115.
General Statutes § 52-29(a) provides: "The superior court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment." (Quotation marks omitted.) Statev. Carey, 222 Conn. 299, 308, 610 A.2d 1147 (1992). The function of the trial court in a declaratory judgment action is to ascertain the rights of the parties under existing law. Halpernv. Board of Education, 196 Conn. 647, 654-55, 495 A.2d 264
(1985); see also Fournier v. Shaklee Corp. , Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 455413 (May 6, 1994, Lavine, J.) (11 Conn. L. Rptr. 443). Declaratory judgment actions have been used to determine whether an insurer has a duty to defend and indemnify its insured. HolyTrinity Church of God in Christ v. Aetna Casualty Surety Co., CT Page 7161214 Conn. 216, 217, 581 A.2d 107 (1990).
 IV. Discussion
The parties are in dispute about whether Horobin intended to injury Rivera. The plaintiff maintains that the above conduct is intentional and therefore not covered under the insurance policy's intentional act exclusion clause. The plaintiff contends that Horobin need not have intended to inflict specific injuries to Rivera to have engaged in intentional conduct. Instead, the plaintiff argues that Horobin's conduct can be deemed intentional if the injuries sustained by Rivera were substantially certain to follow from the assault and battery inflicted upon Rivera by Horobin.
In opposition, the defendants maintain that Horobin's conduct was not intentional. According to the defendants, Horobin did not intend to injury Rivera nor did Horobin intend to inflict serious back injury to Rivera. Furthermore, the defendants assert that the court should apply a subjective standard to determine whether Horobin intended or expected to injury Rivera. Finally, the defendant Rivera relies on St. Paul Fire Marine Ins. Co. v.Shernow, 222 Conn. 823, 610 A.2d 1281 (1992) for the proposition that if Horobin's intentional conduct in grabbing Rivera by the neck is "inextricably intertwined and inseparable" from his negligent conduct then the policy exclusion should not apply.
"Where an insurer sets up a special exclusion for the purpose of withdrawing from the coverage a specific liability it was unwilling to provide indemnity for, the burden is on the insurer to prove that exception to the risk." American Insurance Co. v.Saulnier, 242 F. Sup. 257, 259 (D. Conn. 1965). "The burden of proof is not affected by the fact that the insurer is in the position of a plaintiff." Id., n. 1.
"Most courts interpret the `intended or expected' language under the common law test in tort cases i.e., one intends or expects the natural and probable consequences of his acts."Maryland Casualty Ins. Co. v. Carpentino, Superior Court, judicial district of New Haven at New Haven, Docket No. 354603 (January 22, 1997, DeMayo, J.R.T.). "The law judges intent objectively." American Insurance Co. v. Saulnier, supra,242 F. Sup. 259.
"To show an intentional act within the exclusion of a policy CT Page 7162 two elements are necessary: (1) the insured must have intended to commit the act and (2) to commit the injury that resulted."Allstate Insurance Co. v. Plude, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 303371 (February 1, 1995, Saden, J.) (13 Conn. L. Rptr. 453); Aetna Casualty Surety v. Jackson, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 526115 (January 23, 1996, Koletsky, J.); see also Markey v. Santangelo, 195 Conn. 76, 77,485 A.2d 1305 (1985) ("Not only the action producing the injury but the resulting injury must be intentional.").
"In its most common usage, `intent' involves `(1) . . . astate of mind (2) about consequences of an act (or omission) and not about the act itself, and (3) it extends not only to having in the mind a purpose (or desire) to bring about given consequences but also to having in mind a belief (or knowledge) that given consequences are substantially certain to result from the act.'" (Emphasis in original.) American National Fire Ins.Co. v. Schuss, 221 Conn. 768, 776, 607 A.2d 418 (1992), quoting W. Prosser and W. Keeton, Torts (5th Ed. 1984) p. 34. "Also, the intentional state of mind must exist when the act occurs. . . . Thus, intentional conduct extends not only to those consequences which are desired, but also to [t]hose which the actor believes are substantially certain to follow from what the actor does. . . . Furthermore, [i]t is not essential that the precise injury which was done be the one intended. . . . Rather, it is an intent to bring about a result which will invade the interests of another in a way that the law forbids." (Citations omitted; internal quotation marks omitted.) American National Fire Ins. Co. v.Schuss, supra. "It is not necessary that the precise injury that occurred be the one intended, so long as the injury was the direct and natural consequence of the intended act." Id., 779.
"A result is intended if the act is done for the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue. . . . An intended or wilful injury does not necessarily involve the ill will or malevolence shown in express malice, but it is insufficient to constitute such an intended injury that the act . . . was the voluntary action of the person involved. . . . Both the act producing the injury and the resulting injury must be intentional. . . . The intentional injury aspect may be satisfied if the resultant bodily harm was the direct and natural consequence of the intended act. . . . The known danger involved must go from being a foreseeable risk which a reasonable man CT Page 7163 would avoid and become a substantial certainty." (Citations omitted; internal quotation marks omitted.) Suarez v. DickmontPlastics Corp. , 229 Conn. 99, 108-09, 639 A.2d 507 (1994).
"Intent is clearly a question of fact that is ordinarily inferred from one's conduct or acts under the circumstances of the particular case. . . . Thus, whether the actor knows that the consequences of his or her conduct are certain or substantially certain to result from his or her act and still proceeds with the conduct, so that he or she should be treated by the law as though he or she in fact desired to produce the result, is a question of fact for the jury." (Citation omitted.) Suarez v. DickmontPlastics Corp. , supra, 229 Conn. 111.
In this case, the court finds that the plaintiff did not meet its burden of proof. Based on the evidence presented, this court cannot conclude that Horobin intended to inflict the lower back injury that resulted to Rivera nor can the court conclude that Horobin acted with substantial certainty that this harm or any substantial harm from the immobilization of the security guard would result. As Horobin testified, his intent was not to inflict injury but merely to make Rivera feel as helpless as his son felt when Rivera grabbed his son. Accordingly, the court finds that Horobin did not have in mind at the time either the desire to bring about the consequences that followed his actions or the substantial certainty that they would occur. American NationalFire Ins. Co. v. Schuss, supra, 221 Conn. 771. Judgment may therefore enter for the defendants on plaintiffs' complaint.
Dorsey, J. Judge Trial Referee